UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JEFFREY THOMAS. | No. 3:20-CR-28-2 (VAB) |

**RULING AND ORDER ON MOTION TO SUPPRESS EVIDENCE AND FOR A *FRANKS* HEARING**

On December 4, 2020, Jeffrey Thomas ("Defendant") moved to suppress evidence obtained from a Title III[1] wiretap authorization. Def's Mot. to Suppress, ECF No. 281 (Dec. 4, 2020); Mem. in Supp. of Mot. to Suppress, ECF No. 283 (Dec. 4, 2020) ("Mot. to Suppress").[2] In his motion to suppress, Mr. Thomas seeks to challenge the validity of, and suppress all evidence obtained from the wiretap on the basis that the affidavit used to obtain the wiretap authorization contained deliberately or recklessly false or misleading information. *Id.* at 2. Mr. Thomas further seeks a *Franks* hearing in regard to this claim. *Id.*

On August 3, 2021, the Government filed its opposition to Mr. Thomas's motion to suppress and for a *Franks* hearing. Gov't Omnibus Resp. to Defs.' Pretrial Mots., ECF No. 572 (Aug. 3, 2021) ("Opp'n").

---

[1] Title III refers to Title III of the Omnibus Crime Control of Safe Streets Act of 1968, 18 U.S.C. §§ 2510–22, as amended by the Electronic Communications Privacy Act, commonly known as the Wiretap Act.
[2] A redacted version of this memorandum appears on the docket, *see* Mem. in Supp. of Mot. to Suppress (Redacted), ECF No. 281-1 (Dec. 4, 2020), as the memorandum in support of the motion to suppress and accompanying exhibits are sealed, *see* Order, ECF No. 697 (Jan. 13, 2022).

1

For the following reasons, the motion to suppress evidence and request for a *Franks* hearing is **DENIED**.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

   A. **Factual Background**

This case is part of a larger investigation and prosecution into a drug trafficking conspiracy allegedly operated by Frank Best in the North End of Bridgeport, Connecticut. *See United States v. Best*, No. 20-CR-28 (VAB). The investigation has resulted in the indictment of twelve defendants, including Mr. Thomas, *see id.*, who has pled not guilty to the charges in the multi-count indictment against him, *see* Min. Entry, ECF No. 437 (May 10, 2019).

In the course of this investigation, United States District Judge Kari A. Dooley for the District of Connecticut authorized a Title III wire intercept of a telephone used by Frank Best. Ex. 1 to Mot. to Suppress, ECF No. 283-1 (Dec. 4, 2020) ("Aff.").

Following that initial wiretap, the Government filed a second request for an order authorizing a Title III wiretap, as part of the investigation of Frank Best and his alleged affiliates. *Id*. In support of this request, the DEA provided an affidavit, which, while produced to Mr. Thomas in discovery, remains under seal. *See id.*; *see also* Order, ECF No. 697 (Jan. 13, 2022).

   B. **Procedural Background**

On February 10, 2020, Jeffrey Thomas was arrested on a criminal complaint.

On February 19, 2020, a grand jury returned an indictment charging Mr. Thomas and others with Conspiracy to Distribute and to Possess with Intent to Distribute Heroin and Fentanyl, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). *See* Indictment, ECF No. 13 (Feb. 19, 2020).

On March 17, 2020, Mr. Thomas filed an Emergency Motion for Release from Custody

under 18 U.S.C. § 3142(f)(2)(B). Emergency Mot. for Release from Custody, ECF No. 29 (Mar. 17, 2020). On March 23, 2020, the Court granted Mr. Thomas's motion and released Mr. Thomas as of March 25, 2020 to the custody of Valerie Quarles, under conditions set by the Court. *See* Order, ECF No. 44 (Mar. 23, 2020).

On June 18, 2020, Mr. Thomas appeared before Magistrate Judge William I. Garfinkel for arraignment. *See* Min. Entry, ECF No. 106 (June 18, 2020). He pled not guilty. *Id.*

On October 5, 2020, a grand jury returned a Superseding Indictment charging Jeffrey Thomas with an additional count of Conspiracy to Distribute and to Possess with Intent to Distribute Heroin and Cocaine Base/Crack Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. *See* Superseding Indictment, ECF No. 169 (Oct. 5, 2020); *see also* Second Superseding Indictment, ECF No. 372 (Mar. 15, 2021) (charging the same).

On May 10, 2021, Mr. Thomas appeared before Magistrate Judge Sarah A. L. Merriam for a second arraignment on the charges in the Superseding Indictment. Min. Entry, ECF No. 437 (May 10, 2021). He pled not guilty to all counts. *Id.*

Jury selection is currently scheduled to begin in this case on January 31, 2022, with trial to begin thereafter. *See* Notice of E-Filed Calendar, ECF No. 620 (Aug. 31, 2021).

**II.   STANDARD OF REVIEW**

Illegally obtained evidence is generally not admissible at a criminal trial under the exclusionary rule. *See, e.g., United States v. Scopo*, 19 F.3d 777, 781 (2d Cir. 1994) (in the context of a Fourth Amendment violation); *United States v. Anderson*, 929 F.2d 96, 98–99, 102 (2d Cir. 1991) (in the context of the voluntariness of a confession under the Fifth Amendment); *see also Terry v. Ohio*, 392 U.S. 1, 12–13 (1968) (noting that the exclusionary rule

maintains "judicial integrity" and "has been recognized as a principal mode of discouraging lawless police conduct" (citations omitted)).

Exclusion of evidence is not automatic, however; it is considered a "last resort, not [a] first impulse." *Herring v. United States*, 555 U.S. 135, 140 (2009) (quoting *Hudson v. Mich.*, 547 U.S. 586, 591 (2006)); *see also id.* ("The fact that a Fourth Amendment violation occurred—i.e., that a search or arrest was unreasonable—does not necessarily mean that the exclusionary rule applies." (citing *Illinois v. Gates*, 462 U.S. 213, 223 (1983))). A court will suppress evidence only when the "remedial objectives" of the exclusionary rule "are thought most efficaciously served—that is, where its deterrence benefits outweigh its substantial social costs . . . ." *Hudson*, 547 U.S. at 591 (internal quotation marks and citation omitted).

**III. DISCUSSION**

    **A.  Motion to Suppress**

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. In accordance with this provision, "[a]bsent exigent circumstances or some other exception, the police must obtain a warrant before they enter the home to conduct a search or otherwise intrude on an individual's legitimate expectation of privacy." *United States v. Gori*, 230 F.3d 44, 50 (2d Cir. 2000) (citing *Maryland v. Dyson*, 527 U.S. 465, 466 (1999) (per curiam)). The relevant standard for obtaining a search warrant is the same as for a wiretap: probable cause. *See United States v. Fury,* 554 F.2d 522, 530 (2d Cir. 1978); *United States v. Fisher*, No. 09-CR-515 (ADS) (WDW), 2011 WL 212822, at *2 (E.D.N.Y. Jan. 21, 2011) ("The standard of probable cause applicable to Title

III wiretap applications is the same as the standard for a regular search warrant . . . ." (internal quotation marks and citation omitted)).

Under Title III of the Omnibus Crime Control and Safe Streets Act of 1968 ("Title III"), 18 U.S.C. §§ 2510–2522, a wiretap application must provide "a full and complete statement of the facts and circumstances relied upon by the applicant" to establish probable cause, *id.* § 2518(1)(b), and a "full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous," *id.* § 2518(1)(c); *see also United States v. Rajaratnam*, 719 F.3d 139, 144 (2d Cir. 2013) (citing the same). Under the statute, if the wiretap is unlawful, a criminal defendant "may move to suppress the contents of any wire or oral communication intercepted", or "evidence derived therefrom". 18 U.S.C.A. § 2518(10).

In *Franks v. Delaware*, 438 U.S. 154 (1978), the Supreme Court held that, if an affidavit in support of a wiretap application is alleged to contain "deliberately or recklessly false or misleading information," a defendant with standing may challenge it. *United States v. Canfield*, 212 F.3d 713, 717 (2d Cir. 2000) (citing *Franks*, 438 U.S. at 64–72). Where "an affidavit contain[s] erroneous information," a defendant must make a preliminary showing that "'(1) the claimed inaccuracies or omissions are the result of the affiant's deliberate falsehood or reckless disregard for the truth; and (2) the alleged falsehoods or omissions were necessary to the [issuing] judge's probable cause finding.'" *Canfield*, 212 F.3d at 718 (quoting *United States v. Salameh*, 152 F.3d 88, 113 (2d Cir. 1998)) (alteration in original). "The ultimate inquiry is whether, after putting aside erroneous information and material omissions, 'there remains a residue of independent and lawful information sufficient to support probable cause.'" *Canfield*, 212 F.3d at 718 (quoting *United States v. Ferguson*, 758 F.2d 843, 849 (2d Cir. 1985)).

5

Mr. Thomas argues that the affidavit contained a "deliberate falsehood" and that, without the allegedly false statement, the affidavit fails to establish probable cause, especially where the recorded conversations do not involve explicit references to narcotics. Mot. to Suppress at 5–6.

In response, the Government argues, firstly, that Mr. Thomas has failed to demonstrate that the allegedly false statement was made "knowingly and intentionally, or with reckless disregard for the truth", as required under *Franks*, 438 U.S. at 155–56; *see also* Opp'n at 12–13. In addition, the Government argues that, even without the allegedly false statement, the affidavit's remaining content supports a finding of probable cause. *Id.* at 13–15.

The Court agrees.

The Court begins by considering the materiality of the allegedly false statement. "To determine if the false information was necessary to the issuing judge's probable cause determination, i.e., material, a court should disregard the allegedly false statements and determine whether the remaining portions of the affidavit would support probable cause to issue the warrant." *Canfield*, 212 F.3d at 617 (internal citation and quotation marks omitted). "If the corrected affidavit supports probable cause, the inaccuracies were not material to the probable cause determination and suppression is inappropriate." *Id.*

Probable cause is "a practical, common-sense decision whether, given all the circumstances set forth in the affidavit . . . , including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Thomas*, No. 3:20-CR-00128 (VLB), 2021 WL 4248885, at *8 (D. Conn. Sept. 17, 2021) (quoting *Gates*, 462 U.S. at 238 (internal quotation marks omitted)). "[P]robable cause is a fluid concept—turning on the

6

assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules." *Id.*

"In assessing the proof of probable cause, the government's affidavit in support of the search warrant must be read as a whole[ ] and construed realistically." *Thomas*, 2021 WL 4248885, at *8 (quoting *Salameh*, 152 F.3d at 113). "Courts do not isolate each factor of suspicion but instead look to the totality of the circumstances." *Thomas*, 2021 WL 4248885, at *8 (quoting *United States v. Gagnon*, 337 F.3d 230, 236 (2d Cir. 2004) (citing *Gates*, 462 U.S. at 230–31)).

The Court undertakes this review *de novo*. *See Canfield*, 212 F.3d at 718.

Upon such review, the Court finds that, even without the alleged falsehood, the affidavit established probable cause. As to any "narcotics code" contained within the affidavit, the Court defers to the officer's interpretation of otherwise ambiguous and confusing statements. *See Fury*, 554 F.2d at 530–31 (probable cause shown where ambiguous statements could be "reasonably interpreted to indicate what the detective interpreted them to be" when considered in the context of defendant's criminal record and ongoing investigation). And, even if the use of such narcotics code may not form the sole basis of probable cause, it is "supportive of" a probable cause finding. *United States v. Cancelmo*, 64 F.3d 804, 808 (2d Cir. 1995) (stating that "[u]se of such a narcotics code is certainly supportive of a probable cause finding," regardless of whether "narcotics code can provide the sole basis for the issuance of a warrant" (internal quotation marks and citation omitted)).

Certainly, some instances of intercepted contact in the affidavit might well have been attributable to family relationships or friendship. The affidavit, however, places those conversations within a larger narrative of alleged criminal activity that the affiant reasonably

interpreted to relate to the sale and purchase of narcotics. In this larger context, the Court cannot find that there was no probable cause to issue the warrant.

Accordingly, the Court will not suppress wiretap evidence against Mr. Thomas on the basis of allegedly false information in the affidavit.

### B. Motion for a Hearing Under *Franks v. Delaware*

If a defendant "makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth," was included in the affidavit, and that "the allegedly false statement is necessary to the finding of probable cause," then "the Fourth Amendment requires that a hearing be held at the defendant's request." *Franks*, 438 U.S. at 155–56. A defendant, however, is not entitled to a hearing unless the affidavit's remaining content, excluding "material that is the subject of the alleged falsity or reckless disregard," is insufficient to support a finding of probable cause. *Id.* at 154.

For the reasons stated above, probable cause exists even if the allegedly false statements are excluded. Accordingly, the Court declines the motion for a *Franks* hearing at this time.

### III. CONCLUSION

For the foregoing reasons, the motion to suppress evidence and request for a *Franks* hearing is **DENIED**.

**SO ORDERED** at Bridgeport, Connecticut, this 14th day of January, 2022.

                                        /s/ Victor A. Bolden
                                        Victor A. Bolden
                                        United States District Judge